Filed 11/24/20  P. v. Crow CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>              v.<br><br>JAMES LEE CROW,<br><br>        Defendant and Appellant. | F079860<br><br>(Super. Ct. No. F13910098)<br><br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Jane Cardoza, Judge.

Stephen M. Hinkle, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Detjen, Acting P.J., Meehan, J. and Snauffer, J.

## FACTS AND PROCEDURAL HISTORY

James Lee Crow (defendant) assaulted and threatened his girlfriend over a two-day period in June 2013. After he was arrested, he repeatedly called the victim from jail and ordered her to avoid the investigators and not to appear in court. As a result, defendant was charged in an amended information with assault by means of force likely to produce great bodily injury (Pen. Code,[1] § 245, subd. (a)(4); count 1), battery (§ 243, subd. (e)(1); counts 2 & 6), assault with a deadly weapon (§ 245, subd. (a)(1); count 3), making a criminal threat during the commission of which he personally used a deadly or dangerous weapon (§§ 422, 12022, subd. (b)(1); count 4), dissuading a witness by force or threat (§ 136.1, subd. (c)(1); count 5), and dissuading a witness from prosecuting a crime (*id*., subd. (b)(2); counts 7-11).

On January 23, 2014, a jury convicted defendant as charged. He was found to have suffered five prior strike convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and a prior serious felony conviction (§ 667, subd. (a)(1)), and to have served a prior prison term (§ 667.5, former subd. (b)).

Defendant was sentenced to a total of 38 years plus 175 years to life in prison, and ordered to pay various fees, fines, and assessments. On appeal, this court affirmed defendant's convictions, but concluded the sentence on certain counts should have been stayed pursuant to section 654. Accordingly, we modified the sentence to a term of 75 years to life plus 18 years.

On or about April 3, 2019, the California Department of Corrections and Rehabilitation advised the trial court of potential errors in the second amended determinate abstract of judgment. It also questioned the court's calculation of the determinate term imposed on count 1.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

On August 19, 2019, the court resentenced defendant. As to all counts except count 1, it declined to exercise its discretion to strike defendant's prior strike convictions and prior serious felony enhancements, and found the factors in aggravation outweighed those in mitigation.

With respect to count 3, the court imposed a term of 25 years to life in prison pursuant to section 667, subdivision (e)(2). It enhanced that term by five years pursuant to section 667, subdivision (a)(1). The court, having struck one prior prison term enhancement when originally sentencing defendant, now struck the second such enhancement. As to count 4, the court imposed a sentence of 25 years to life pursuant to section 667, subdivision (e)(2). It enhanced that term by five years pursuant to section 667, subdivision (a)(1), plus one year pursuant to section 12022, subdivision (b)(1). It then stayed sentence on count 4 pursuant to section 654. As to counts 5 and 7 through 11, the court imposed a sentence of 25 years to life pursuant to section 667, subdivision (e)(2) on each count, and enhanced each term by five years pursuant to section 667, subdivision (a)(1). It ordered sentence stayed, pursuant to section 654, on counts 8 through 11. As to count 1, the court struck defendant's prior strike convictions and imposed the middle term of three years. Defendant was given credit for time served on counts 2 and 6, both of which were misdemeanors. The total unstayed term was, accordingly, 18 years plus 75 years to life.

The court also updated defendant's time credits. It ordered defendant to pay victim restitution in an amount to be determined. It imposed a restitution fine (§ 1202.4) in the amount of $10,000; a court security fee (§ 1465.8) in the amount of $440; a criminal conviction assessment (Gov. Code, § 70373) in the amount of $330; and a probation report fee (§ 1203.1b) in the amount of $296. In light of the length of the sentence and defendant's age and apparent physical issues, it suspended the fines and fees.

Defendant filed a timely notice of appeal.

3.

**<u>APPELLATE COURT REVIEW</u>**

Defendant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter dated January 17, 2020, we invited defendant to submit additional briefing. To date, he has not responded directly to our letter. It appears, however, that he has attempted to raise two issues in the course of a request he submitted to this court regarding a procedural matter. We will address what we perceive to be those issues.

First, defendant says the five-year enhancements should accompany the indeterminate sentences, not the determinate term of three years. We assume he means they should be listed on the indeterminate abstract of judgment rather than, as they are now, on the determinate abstract of judgment. Defendant offers no authority for the proposition that the abstracts of judgment are incorrect. More importantly, he does not suggest he is prejudiced in any way.

Second, defendant says he read about a new law that did away with life sentences for nonviolent offenders and mandatory minimum sentences under the three strikes law. We presume defendant is referring to the Three Strikes Reform Act of 2012, an initiative measure that amended both the legislative and initiative versions of the three strikes law. The amendments do not assist defendant, however, because he was previously convicted of two or more serious felonies and, with the exception of count 1 and the misdemeanors, his current offenses constitute serious felonies. (§ 1192.7, subd. (c)(8), (18), (31), (37) & (38).) Accordingly, he was properly sentenced to 25 years to life on all but count 1 and the misdemeanors. (§§ 667, subd. (e)(2)(A)(ii), 1170.12, subd. (c)(2)(A)(ii).)

After independent review of the record, we conclude there are no reasonably arguable legal or factual issues.

## **DISPOSITION**

The judgment is affirmed.